```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

LAGUERRE LENSENDRO,              :
                                 :
     Plaintiff,                  :
                                 :
V.                               :    CASE NO. 3:25-CV-00256(AWT)
                                 :
AMERICAN EXPRESS NATIONAL        :
BANK,                            :
                                 :
     Defendant.                  :
```

## Recommended Ruling for Initial Review

Plaintiff Laguerre Lensendro brings this action against Defendant American Express National Bank ("AMEX") for its alleged violations of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 et seq.. (Dkt. #1 at 1).

Based on the financial information submitted, Plaintiff's motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 was granted by the Honorable Sarah F. Russell on April 21, 2025. (Dkt. #10). Judge Russell also referred this matter to the undersigned for an initial review of Plaintiff's complaint. (Dkt. #9).

I.  **BACKGROUND**

This case stems from a credit dispute regarding Plaintiff's AMEX account. Plaintiff is an individual residing in the State of Connecticut, and Defendant is a financial institution conducting business in Connecticut, who Plaintiff alleges is a "creditor" as defined within the ECOA. (Dkt. #1 ¶¶ 4-5).

1

Plaintiff alleges that on January 16, 2025, he "tendered more than $35,000 in money orders[1] to AMEX and demanded that they return [his] prior contributions." Id. ¶ 7. Plaintiff alleges that he subsequently applied for 14 separate credit cards from AMEX, and that AMEX "took adverse action" against him by rejecting those applications. Id. ¶¶ 8-9. Shortly thereafter, Plaintiff alleges that he applied for another 14 credit cards but received no response. Id. ¶¶ 10, 12.

Plaintiff alleges that subsequently, on January 29th, he "received a letter from AMEX stating they would not honor the money orders tendered, but retained them and have not returned the funds." Id. ¶ 11.

## II.  LEGAL STANDARD

28 U.S.C. § 1915 allows the Court to review and dismiss the underlying action, if necessary. Under subsection (e), a court "shall dismiss the case at any time if the court determines that… the action… (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such

---

[1] Although Plaintiff's allegations must be accepted as true, see Cruz v. Gomez, 202 F.3d 593, 596-97 (2d Cir. 2000), the Court notes that the attachments to Plaintiff's complaint suggest that Plaintiff only submitted the AMEX "coupon" slip forms back to AMEX without any actual cash or check(s). See Dkt. #1 at 12-19, 52.

2

relief." 28 U.S.C. § 1915(e)(2)(B); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Under § 1915(e), an action is frivolous, "if it has no arguable basis in law or fact, as is the case if it is based on an 'indisputably meritless legal theory.'" Montero v. Travis, 171 F.3d 757, 760 (2d Cir. 1999) (quoting Neitzke, 490 U.S. at 327). The "term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke, 490 U.S. at 325. An action fails to state a claim for relief if it lacks

> sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face…. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged…. The plausibility standard is not akin to the probability that a defendant has acted unlawfully.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations and quotation marks omitted).

Because "most *pro se* plaintiffs lack familiarity with the formalities of pleading requirements, [the court] must construe *pro se* complaints liberally." Lerman v. Bd. of Elections, 232 F.3d 135, 140 (2d Cir. 2000). Therefore, *pro se* complaints "are held to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (internal citation and quotation marks omitted). "In evaluating [a

plaintiff's] complaint, [the court] must accept as true all factual allegations in the complaint and draw all reasonable inferences in [the plaintiff's] favor." Cruz v. Gomez, 202 F.3d 593, 596-97 (2d Cir. 2000). Additionally, "courts must construe pro se pleadings broadly and interpret them 'to raise the strongest arguments that they suggest.'" Id. at 597 (quoting Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996)).

### III. DISCUSSION

Upon review of the complaint, this Court recommends that two of Plaintiff's claims to proceed beyond initial review.

#### A. Count One – Unjust Enrichment

Plaintiff maintains that Defendant has unjustly enriched itself by keeping more than $35,000 from Plaintiff without crediting that to his account or otherwise returning the funds.

Unjust enrichment is a legal concept requiring restitution when one party receives a benefit at the expense of another without a legal basis. To that end, a plaintiff seeking recovery for unjust enrichment, at this juncture, must sufficiently plead "(1) that the defendant[] w[as] benefited, (2) that the defendant[] unjustly did not pay the plaintiff[] for the benefit, and (3) that the failure of payment was to the plaintiff['s] detriment." Bolmer v. Kocet, 507 A.2d 129, 138 (Conn. App. Ct. 1986) (citation omitted).

Accepting his allegations as true, Plaintiff has met his burden. Plaintiff alleges that Defendant benefitted by receiving – and then retaining – over $35,000. Next, Plaintiff alleges that Defendant did not "honor the money orders[2] tendered, but… retained them and ha[s] not returned the funds." (Dkt. #1 ¶ 11). Lastly, Plaintiff alleges that this has been detrimental to him as he is now out over $35,000 without any change to the status quo regarding his account. See id. ¶¶ 14-17.

Thus, the Court recommends that this claim proceed.

    B.  Count Two – Violation of "15 U.S.C. § 1666c(a)"

In Count Two of the complaint, Plaintiff maintains that Defendant violated "15 U.S.C. § 1666c(a)" by failing to properly "post" Plaintiff's payments. However, there is no "15 U.S.C. § 1666c(a)."[3] Therefore, Count Two should be dismissed. See Livingston v. Adirondack Bev. Co., 141 F.3d 434, 437 (2d Cir. 1998) ("An action is frivolous when… the claim is based on an indisputably meritless legal theory.") (citation and internal quotations omitted).

Even if Plaintiff intended to cite to the nearest statute, 15 U.S.C. § 1666(a), that statute has nothing to do with holding

---

[2] Given the documents attached to Plaintiff's complaint, it is unclear whether Plaintiff actually submitted "money orders". See supra n. 1. Still, the Court is required to accept all allegations in the complaint as true.
[3] The Court searched for "15 U.S.C. § 1666c(a)" and reviewed statutes near that range just in case Plaintiff mistakenly identified the wrong statute.

a creditor liable for failure to "post" a claimant's payment. Instead, Section 1666(a) states the procedures a creditor is required to follow when an obligor notifies it of an alleged billing error.  See 15 U.S.C. § 1666(a).

The Court therefore recommends Plaintiff's second count against Defendant be DISMISSED with prejudice.

C. Count Three - Violation of "15 U.S.C. § 1666c(b)(1)"

Plaintiff next maintains that Defendant violated "15 U.S.C. § 1666c(b)(1)" by failing to apply Plaintiff's payments properly.  Specifically, Plaintiff states that under this statute, "a creditor receiving a payment must apply any amount exceeding the minimum payment to the balance with the highest interest rate first, then to each successive balance until the payment is exhausted."  (Dkt. #1 ¶ 24).

As with Count Two, "15 U.S.C. § 1666c(b)(1)" does not exist.  Moreover, the nearest statute to which Plaintiff could be citing, 15 U.S.C. § 1666(b), has nothing to do with the "debt avalanche"[4] method of debt repayment to which Defendant refers.

---

[4] "The debt avalanche method is a [personal] strategy for paying down debt. It involves concentrating on paying off [one's] highest-interest debt first, followed by the debt with the next highest interest rate and so on.  This method [is aimed at] reduc[ing] hefty interest charges."  John Egan and Mike Strohm, *The Debt Avalanche Method: How It Works And How To Use It*, FORBES, www.forbes.com/advisor/debt-relief/debt-avalanche-method-how-it-works/ (last visited Apr. 22, 2025).

Instead, Section 1666(b) defines the term "billing error" within the meaning of 15 U.S.C. §1666(a).  See 15 U.S.C. § 1666(b).

The Court therefore recommends Plaintiff's third count against Defendant be DISMISSED with prejudice.

        D.   <u>Count Four – Violation of 15 U.S.C. § 1691(a)(3)</u>

Plaintiff next contends that Defendant violated 15 U.S.C. § 1691(a)(3) of the ECOA by discriminating against him for exercising his "statutory right under 15 U.S.C. [§] 1691a(e) [to] defer[] payment on [his] account for as long as [he] wanted[.]"  (Dkt. #1 ¶ 29).

The ECOA was originally adopted in 1974 to end credit discrimination against women based upon their age or marital status.  Although discrimination on the basis of gender or marital status remains a central focus of the ECOA, Congress amended the Act to add race, color, national origin, age, source of income, and the exercise of rights under the Consumer Credit Protection Act ("CCPA") as protected categories.  See Equal Credit Opportunity Act Amendments of 1976, Pub. L. No. 94-239, 90 Stat. 251 (1976); see also 15 U.S.C. § 1691(a).  Thus, it is true that the ECOA prohibits a creditor from discriminating against an individual for exercising in good faith "any right under [the CCPA]."  <u>Id.</u> § 1691(a)(3).

However, there is no right under the CCPA for an applicant for credit to unilaterally defer any payment without end. Moreover, the statute to which Plaintiff points to as conferring this right, "15 U.S.C. [§] 1691a(e)," does not exist.

The Court therefore recommends Plaintiff's fourth count against Defendant be DISMISSED with prejudice.

    E.  <u>Count Five – Violation of 15 U.S.C. § 1691(d)(2)</u>

Plaintiff alleges that Defendant violated 15 U.S.C. § 1691(d)(2) by not notifying Plaintiff of the denial of his second set of requests for credit. (Dkt. #1 ¶¶ 34-35).

As mentioned earlier, "[t]he ECOA exists to prevent discrimination by creditors against certain classes of credit applicants." <u>Dorton v. Kmart Corp.</u>, 229 F. Supp. 3d 612, 615 (E.D. Mich. 2017) (citation omitted). As part of its scheme to create accountability for creditors' decisions, the ECOA imposes certain notice obligations on creditors when they take an "adverse action" against a credit applicant, which is typically a denial of credit. <u>See</u> 15 U.S.C. § 1691(d)(6) (defining "adverse action" as, *inter alia*, "a denial or revocation of credit"). "Aside from the obvious anti-discriminatory effects of this requirement, disclosing the specific reasons for a creditor's adverse action serves the broader purpose of allowing applicants to learn where and how their credit status is

deficient." Carr v. Capital One Bank USA N.A., No. 1:21-cv-2300-AT-JKL, 2021 U.S. Dist. LEXIS 259505, at *7-8 (N.D. Ga. Dec. 8, 2021) (citation and internal quotations omitted).

Of note, the notice provision of the statute operates independently of the anti-discrimination provision, meaning that "a violation of the notice provision does not depend on a showing that the denial of credit was based impermissibly on discriminatory reasons." Copple v. S. Bank of Tenn., No. 3:22-cv-00692, 2023 U.S. Dist. LEXIS 43488, at *7 (M.D. Tenn. Mar. 15, 2023). Thus, the ECOA's "notification requirement extends to all [credit] applicants, and does not require specific allegations of discrimination." Diaz v. Paragon Motors of Woodside, Inc., 424 F. Supp. 2d 519, 532 n. 22 (E.D.N.Y. 2006) (citation and internal quotations omitted).

Accepting Plaintiff's allegations as true,[5] Count Five is sufficient to survive initial review. Plaintiff sufficiently alleges that Defendant is a "creditor" within the meaning of the statute and that Defendant took an "adverse action" against

---

[5] The Court may review only the sufficiency of Plaintiff's *allegations* at this juncture. Still, the Court notes that the ECOA's notice requirement is not triggered when a creditor declines credit based on an existing obligor's delinquency. See 15 U.S.C. § 1691(d)(6). Plaintiff's complaint includes exhibits indicating delinquency – and Defendant's subsequent "cancel[ation]" – of Plaintiff's account. (Dkt. #1 at 12-19, 21, 23, 25, 41, 43 & 52).

The notice requirement is also not triggered when a creditor declines to extend credit "where such additional credit would exceed [an] established credit limit." See 15 U.S.C. § 1691(d)(6). The Court notes that Plaintiff attached an exhibit indicating at least $90,000 in sought-after credit. See Dkt. #1 at 51.

9

Plaintiff by presumably denying him credit. (Dkt. #1 ¶¶ 5, 12, 34-35). Plaintiff likewise sufficiently alleges that despite this denial, no notice was sent by Defendant. Id. ¶¶ 12, 35.

Thus, the Court recommends that the claim in Count Five proceed.

### F. Count Six – Violation of 15 U.S.C. § 1691(a)

Plaintiff's final claim is that Defendant violated the ECOA because "it is unlawful for any creditor to discriminate against any applicant with respect to any aspect of a credit transaction." Id. ¶ 41. As examples of this "discrimination," Plaintiff references Defendant (1) "citing [his] previously canceled accounts… and the number of applications [he] submitted… as reasons for adverse action" and (2) "failing to respond to [his second] credit request[.]" Id. ¶¶ 42, 43.

This claim is without merit as Plaintiff omits important language modifying the statutory protection. While Section 1691(a) does prohibit discrimination against credit applicants, such discrimination is prohibited *only* (1) on the "basis of race, color, religion, national origin, sex or marital status, or age," (2) because an applicant derives "all or part of [his] income from any public assistance program," or (3) for exercising rights protected by the CCPA. 15 U.S.C. § 1691(a). One may not sue a creditor under Section 1691(a) just because a

creditor has done something he or she does not like; he or she must show discrimination *based upon a protected characteristic*. See id. Plaintiff has failed to establish such a showing.

The Court therefore recommends Plaintiff's sixth count against Defendant be DISMISSED with prejudice.

## IV. CONCLUSION

For the reasons above, the undersigned recommends that Counts One & Five may proceed, but that Counts Two, Three, Four, and Six should be dismissed with prejudice.

This is a recommended ruling. **Any objections must be filed with the Clerk of the Court within fourteen (14) days of being served with this order.** See FED. R. CIV. P. 72(b)(2). Failure to object within fourteen (14) days may preclude appellate review. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(d), & 72; D. CONN. L. CIV. R. 72.2(a); F.D.I.C. v. Hillcrest Assoc., 66 F.3d 566, 569 (2d Cir. 1995); Small v. Sec'y of H.H.S., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

Dated this 8th day of May, 2025 at Hartford, Connecticut.

                                        _____/s/_____
                                        Robert A. Richardson
                                        United States Magistrate Judge